## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BARRY PAUL A. COLE** | : | **DOCKET NO. 2:20-cv-1597** |
| **DOC # 129567** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JEFFERSON DAVIS SHERIFF'S OFFICE, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by Barry Paul A. Cole, who is proceeding *pro se* and *in forma pauperis* in this matter. Cole is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Jefferson Davis Correctional Center in Jennings, Louisiana ("JDCC").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I.
### BACKGROUND

Cole alleges that on June 9, 2020, he slipped and fell on a wet floor, injuring his right leg and back. He complains about the medical care he has received following the fall. Specifically, he complains that he was not taken to the hospital and was only given Ibuprofen for the pain by Nurse Cindy, LPN. The day following the fall, he was X-rayed and put in 24-hour isolation but has never seen a doctor. He asserts that he continues to suffer from lower back pain.

Cole brings the instant suit seeking medical care from his personal doctor and compensation for his pain and suffering.

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

Cole has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

#### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Theory of the Complaint*

#### a. *Medical Care*

Plaintiff complains of lack of proper medical care.  The federal constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. *See Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). On that point, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

*Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Cole has made no such showing.  He concedes that he was seen by Nurse Cindy following his fall.  He was given medication, Ibuprofen, for the pain and an X-ray was performed.  He does not contend that he was not given any medical care, only that he is entitled to better medical care.

While Cole may disagree with some aspects of his treatment, "a prisoner's disagreement with his medical treatment" does not constitute deliberate indifference, "absent exceptional circumstances." *Moreno v. Kwarting*, 763 Fed. Appx. 368, 369 (5th Cir. 2019) (*citing Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)).   The Fifth Circuit has stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not desirability. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981).  Moreover, the fact that a plaintiff continues to suffer pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).  Furthermore, the fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint.  Prisoners are not constitutionally entitled to the best medical care that money can buy. *Id*.

### III.
#### CONCLUSION

For the foregoing reasons stated we conclude that the complaint fails to state a claim upon which relief may be granted Accordingly,

**IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) and (ii), as frivolous and for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass*

*v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 4th day of March, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE